## McGRAIN v. BELL.

DEATH—DAMAGES—EVIDENCE—IN ABSENCE OF EVIDENCE AS TO DAMAGES, DIRECTED VERDICT IN FAVOR OF DEFENDANTS REQUIRED. In action by wife, as special administratrix of estate of deceased husband, for his wrongful death, verdict should have been directed in favor of defendants where there was no evidence as to pecuniary aid she was receiving at time of husband's death, and no evidence as to her age, condition of health, or life expectancy, since there was no evidence from which jury could determine damages.

Error to Berrien; White (Charles E.), J. Submitted October 16, 1929. (Docket No. 114, Calendar No. 34,600.) Decided December 3, 1929.

Case by Evelyn McGrain, special administratrix of the estate of Joseph M. McGrain, deceased, against William E. Bell and others, doing business as the Midway Transit Company, for the alleged negligent killing of plaintiff's decedent. From a verdict and judgment for plaintiff, defendants bring error. Reversed, and new trial granted.

*John J. Sterling,* for plaintiff.

*Mason, Alexander & McCaslin,* for defendants.

McDONALD, J. This suit was brought by the plaintiff as the personal representative of her deceased husband, Joseph M. McGrain, to recover damages resulting from his death which she alleges was caused by the negligence of the defendants. A truck owned and operated by the defendants, traveling south on the highway south of Benton Harbor, Michigan, met and collided with an automobile driven by Joseph M. McGrain, deceased. It is claimed by the plaintiff that the collision was caused by the negligence of the defendants in driving the truck at an unlawful rate of speed on the wrong side of the road and in not having it properly lighted. Denying negligence on their part, the defendants claim that the sole cause of the accident was the negligence of the deceased in driving his automobile to the wrong side of the road into the path of the approaching truck. At the conclusion of the plaintiff's case and again at the close of all the proof, the defendants moved for a directed verdict on the ground that no damages had been proven, that there was no evidence of defendants' negligence which could be said to be the proximate cause of the accident, and that the deceased was guilty of contributory negligence. The motion was denied. The issue was submitted

to the jury and the plaintiff received a verdict of $9,000, on which judgment was entered. The defendants have brought error.

The testimony in respect to the claim of negligence made that issue a question for the jury, but there was no evidence from which they could make any intelligent determination of damages. It was necessary for the plaintiff to show the pecuniary aid which she had been accustomed to receive from the deceased and the amount that in all reasonable probability he would have continued to contribute if he had lived. We quote all of the testimony on that subject:

"He received $1,800 per year as wages. He had been receiving that wage from the city' for nearly five years.

"*Q.* Now what was the money used for—what became of it?

"*A.* His wages?

"*Q.* Yes.

"*A.* All devoted to our own home—our own support.

"*Q.* Your support and his?

"*A.* Yes, sir."

This testimony does not furnish a basis for determining the plaintiff's loss. It shows that $1,800 was contributed for their joint support, but there is no comparison of their necessities or living expenses, and no way of estimating from the evidence how much of the $1,800 was contributed for her. But if the jury had been informed as to the pecuniary aid she was receiving at the time of his death, they could not have determined her future loss, because her expectancy of life was not shown. The amount that she would receive in the future is limited to the duration of her life and his. Her expect-

ancy was not shown either by the mortality tables or by any other evidence. The jury was not told her age, the condition of her health, or given any other information from which they could determine the probable duration of her life. What they might observe from her appearance in the witness chair was not sufficient. Having a definite income to start with, there should have been little difficulty in furnishing some definite proof of pecuniary loss. It was not attempted. Instead, the jury was left to roam about in the field of speculation and finally to reach a verdict for which there is no basis in the evidence. For this reason, the trial court should have directed a verdict in favor of the defendants.

We do not deem it necessary to discuss other questions presented by the record. They probably will not arise in a second trial.

The judgment is reversed, and a new trial granted. Defendants will have costs.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.